## The President, Directors and Company of the Newton Bank *vs.* Liverius Hull.

A judgment creditor who has levied his execution upon an undivided interest in land of which the judgment debtor was not actually seised cannot maintain a petition for parti- tion thereof, but, under Gen. Sts. c. 103, §§ 16, 48, must resort to a writ of entry.

Chapman, J. This was a petition for partition. The peti- tioners were creditors of Joseph Young, and having obtained judgment and execution against him levied their execution upon one undivided half of a tract of land, which he had, as they allege, fraudulently conveyed to Asbury Young. The levy was made July 25th 1863. Asbury Young had conveyed the land to the respondent previous to the levy, but the petitioners had attached it on mesne process previous to this conveyance.

It is provided by Gen. Sts. *c.* 103, § 16, that where execution is levied on land of which any person other than the debtor is actually seised, the officer shall deliver to the creditor or his attorney a momentary seisin and possession of the land, so far as to enable the creditor to maintain an action therefor upon his own seisin; but he shall not actually expel and keep out the tenant, then in possession, against his will. Section 48 provides that such levy shall be void unless the judgment creditor to whom the land is set off commences his suit to recover posses sion thereof within one year after the return of the execution

The purpose of these provisions is to enable the creditor to hold the land if he can establish the fact that it was fraudulently conveyed by his debtor; and at the same time to give the purchaser an opportunity to defend his title without being first disturbed in his possession, and without unreasonable delay.

It is not doubted that a writ of entry would have been a proper suit within the statute, but the respondent contends that a petition for partition is not, and therefore this petition cannot be maintained. Great changes were made by our Revised Statutes in the law of real actions; and under them a petition for partition is in many cases equally effective with a writ of entry. *Marshall* v. *Crehore*, 13 Met. 462. But the court are of opinion that it is not the remedy contemplated by § 48 of the statute cited above. The debtor has a right to redeem the land levied upon within a year, and ought to be enabled to redeem without being subjected to the expenses that may be incurred in a process for partition. The statute contemplates a redemption of the property in the same condition in which it was levied upon. But if the partition shall have been completed, it will not be in the same condition, but will be changed from an estate in common to an estate in severalty. Moreover, the commissioners who make partition have a right to make the quantity and value of the parts unequal, and direct the payment of an equivalent in money. Again, upon the redemption of the property, the creditor is to make a deed of release; but if partition has been completed, he cannot release the same property that was set off to him. It may be that the process for partition will be pending when the land is redeemed; and, if so, the process must fail, and the respondent will be exposed to useless expense. It may be a partial answer to some of these objections that the respondent himself is the person entitled to redeem. But the court cannot know that he is so, because it is a question in respect to which the judgment debtor has not been heard. Not being a party to the record, he may establish his own right to redeem.

In *Ewer* v. *Hobbs*, 5 Met. 1, it was held that this process would not lie between three mortgagees in possession under several

simultaneous mortgages of the same land, because of the difficulty arising out of the existing rights of redemption that remained in the mortgagor. The objections to the process in that case are somewhat similar to those in this.

*Petition dismissed.*

*T. S. Harlow*, for the petitioners, cited *Marshall* v. *Crehore*, 13 Met. 462, and cases cited ; *Baylies* v. *Bussey*, 5 Greenl. 152.

*H. G. Hutchins*, ( *G. B. Bigelow* with him,) for the respondent, cited Gen. Sts. *c.* 103, §§ 16, 48; *c.* 136, §§ 1, 3; *Hunnewell* v *Taylor*, 6 Cush. 472; *Ewer* v. *Hobbs*, 5 Met. 1; *Flagg* v. *Thurston*, 13 Pick. 145; *Rickard* v. *Rickard*, Ib. 251.